**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-67-GKF |
| | ) | |
| BRUCE RYAN FORBES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR 1 LEVEL DOWNWARD VARIANCE**

The Defendant, BRUCE RYAN FORBES, by and through his attorney, Tracy L. Tiernan, respectfully files this motion seeking a one level downward variance from the advisory sentencing guidelines. A sentencing hearing has been scheduled for May 12, 2025, and this motion has been timely filed. In support of this motion, Mr. Forbes states as follows:

**18 U.S.C. Sec. 3553(a)- Determing the Sentence**

The Supreme Court has concluded that mandatory sentencing guidelines are unconstitutional; thus, courts must employ discretion to achieve the statutory purposes of sentencing. The high court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738

(2005), declared judges are not bound by the federal sentencing guidelines. At the same time, the Courtheld a sentencing judge must still consider the factors set forth in 18 U.S.C. Sec. 3553(a) in fashioning a reasonable sentence. This Court is well aware of those factors. Rather than list them in this motion, Mr. Forbes will incorporate those factors by reference herein. All sentencing courts are

required by law to impose a sentence that is "sufficient buy no greater than necessary" to achieve the purposes of sentencing as set forth in Sec. 3553(a)(2).

Any sentence must be based upon the facts and circumstances of that case taking into account all relevant Sec.3553(a) considerations as well as the sentence requested by the parties. While the advisory guidelines must be considered by the Court in arriving at a just and reasonable sentence, the guidelines are just one of the factors listed in Sec. 3553(a) that must be considered in arriving at a sente3nce that is sufficient to satisfy the goals of sentencing. "No limitation shall be place on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for he purpose of imposing an appropriate sentence." 18 U.S.C. Sec. 3661.

In this case, the presentence investgaiton report ("PSI") has set forth the probations's view of how the guidelines apply to the facts of this case and Mr. Forbes has no objections to those findings. The Advisory guideline range determined in the PSI report is 10 to 16 months based on an adjusted offense level of 12 and a criminal history category ("CHC") of I based on zero criminal history points. This range is in zone C of the guideline table. Mr. Forbes is requesting a 1 level downward variance from the guideline range which would take Mr. Forbes from a level 12 to a level 11, thereby placing him in Zone B range of 8 to 14 months which would offer more sentencing options for probation or house detention.

**<u>Factors Supporting a Variance or Non-guideline Sentence</u>**

1. <u>Nature and Circumstances of the Offense</u>

Pursuant to a plea agreement, Bruce Ryan Forbes has pleaded guilty to **Count three** of the indictment which charges that from on or about August 27, 2022, to on or about September 30, 2022, Forbes corruptly influenced, obstructed, and impeded, and endeavored to influence, obstruct, and impede

the due and proper administration of the law under which a pending proceeding, specifically a plane crash investigation, was being had before a department and agency of the United States, specifically the National Transportation and Safety Board, by making false statements to the NTSB about the cause of the crash, in violation of 18 U.S.C. § 1505.

On August 27, 2022, Forbes was piloting an aircraft which crashed into Keystone Lake in the area of Prue, Oklahoma. Following the crash, an Oklahoma Highway Patrol officer made contact with the Forbes and the passenger of the airplane. Forbes stated that the engine had stalled and once the engine stalled, the plane quickly lost altitude striking a power line. After striking the power line, the plane crash landed into Keystone Lake. After crashing into the water, Forbes quickly unbuckled himself and reported that he assisted the passenger with her seatbelt. Both pilot and passenger swam away from the plane as it sank to the bottom of the lake. They were rescued by some nearby boaters who observed the crash.

As the investigation continued, the airplane's passenger reported that she did not notice anything wrong with the plane prior to the crash. She observed the power lines right before the plane struck them. The passenger related that after she managed to extract herself from the seatbelt, some boaters came and rescued her and Forbes from the lake. She claimed that Forbes told her that he was going to have to report the crash as engine failure or his insurance would not cover the claim.

2. <u>History and Characteristics of Bruce Forbes</u>

Born and raised in Sand Springs, Oklahoma, the son of Tulsa Police Department Detective, Bruce Forbes secured his pilot's license at the young age of 16. He was always fascinated by airplanes and knew at a very young age that he would pursue the life of a pilot. But another passion intrigued a young Bruce Forbes- Music. Music was so much a part of Bruce's youth and teenage years that he was presented with a full music scholarship to college in Edmond, Oklahoma, at CSU.

While not completing his college degree, he did realize his dream of flying commercial aircraft. In fact, Bruce was employed as a commercial airline pilot for 35 years of his life, piloting for some of the largest American commercial airlines as Continental Airlines and United Airlines where he worked for over 32 years before deciding to retire. He was a Boeing 777 Captain who routinely flew international flights. Federally trained as a Federal Flight Deck Officer, Bruce also spent 14 of his years protecting passengers on many flights as an armed cockpit officer. All said and done Bruce Forbes has piloted planes for over 52 years.

Bruce and his wife Loretta have been married for more than 52 years.

3. <u>The Goals of Sentencing</u>

Taking into account all the circumstances in Mr. Forbes' involvement in offense and all the facts including the personal characteristics of Mr. Forbes, his family, and community ties and support, and his conduct prior to this case, the issue before the Court is what sentence would be sufficient but not greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. Sec. 3553(a)(2)(A)(D). Is a prison sentence within the range of 10 to 16 months necessary to achieve these goals or are other reasonable sentences available?

*(a) Sec.3553(a)(2)(A): Seriousness of the offense, promote respect for the Law, and to provide just punishment for the offense.*

The sentence to be imposed must be determined in light of all the 3553(a) factors including Mr. Forbes age (68 years old) and personal history, the nature and circumstances of his involvement in the offense, his lack of any criminal record, his history of employment, his service to the airline industry and the safety and security of the countless passengers who relied on him for safe passage.

It has been argued by some that any custodial sentence in and of itself imposes just punishment, reflects the seriousness of the offense, and promotes respect for the law. While that may be tgrue in some ways, a period of incarceration is not always th only or the best wasy to achieve these goals in a way that is in the best interests of society, the individual, and the individual's family.

*(b). Sec.3553(a)(2)(B): Adequate Deterrence to Criminall Conduct*

*Sec.3553(a)(2)(C): Protect the Public from Future Crimes*

While discussing deterrence, there are two prongs to be considered, general and specific. With respect to general deterrence, knowledge of the possibility of being charged and convicted of a felony in federal court for such a crime of dishonesty as this and serving a sentence in prison should serve as a deterrent to individuals engaging in criminal conduct. Indeed, prison sentences are handed down nearly every day and are designed to serve as a warning and a deterrence. Nevertheless, the arrests and convictions keep coming. It is not likely that the sentence imposed in case is going to add to the goal of general deterrence.

With respect to specific deterrence, given what has already happened and the consequences to him thus far, (loss of property, damaged reputation, licensure revocation, the prospect of serving time in prison) it is very unlikely that Mr. Forbes will ever commit another offense or that the public needs to be protected from him.

*©. Sec.3553(a)(2)(D): Needed training, care, or treatment in most effective manner*

***The Degree of the Variance Sought***

Mr. Forbes' advisory guideline range as set forth in the PSI report has been calculated at ten (10) to sixteen (16) months. Fiven he relevant Sec.3553(a) factors as set forth in this motion, a sentence that is below this guideline range would be a reasonable sentence, on e sufficient but not greater than necessary to achieve the goals of sentencing.

A one (1) level downward variance would take into account the Sec 3553(a) sentencing goals and the information set forth in this motion. A one (1) level downward variance moving Mr. Forbes from a level 12 to a level 11 under the guidelines, placing Mr. Forbes in Zone B would seem to adequately address the considerations surrounding this criminal charge and would recognize that Mr. Forbes is not a danger to anyone, and that society does not need to be protected from him.

Given these circumstances, the goals of sentencing should place as much or more wight on the person who is now before the Court for sentencing rather that th person who committed the offenses over two and a half years ago. Would all the Sec.3553(a) factors, including the goals of sentencing, be better served by incarceration?

Mr. Forbes is respectfully requesting a 1 level downward variance from the guideline range which would take Mr. Forbes from a level 12 to a level 11, thereby placing him in Zone B range of 8 to 14 months which would offer more sentencing options such as probation or house detention.

Respectfully submitted this 28th day of March, 2025.

s/ Tracy L. Tiernan
Tracy L. Tiernan
Tiernan Law
OBA #13846
320 South Boston Ave., Ste. 1130
Tulsa, Oklahoma 74103-4700
(918) 587-7377
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Ashley Robert, AUSA

s/ Tracy L. Tiernan
Tracy L. Tiernan