**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BRUCE RYAN FORBES,**<br><br>**Defendant.** | **Case No. 23-CR-387-GKF** |

## Government's Sentencing Memorandum

After considering all the factors provided by 18 U.S.C. § 3553(a), the Court should grant Forbes' motion for downward variance, vary downward one level, and sentence Forbes to a combination of home detention and probation. The Court should also assess a fine of up to $40,000 pursuant to 18 U.S.C. § 3571(b) and U.S.S.G. §5E1.2(c)(3). The Government has received the U.S. Probation Officer's pre-sentence investigation report (PSR) and has no objections.

## Relevant Facts

Forbes is an experienced pilot who has been flying since 1972. *See* PSR at ¶ 35. In August 2022, while piloting an aircraft with a passenger above Keystone Lake, Forbes flew low and attempted an unsafe maneuver called "water dancing" which is where a pilot flies low around the curves of the lake. *Id.* at ¶¶ 5, 10. While conducting this unsafe, intentional low-level maneuver, Forbes failed to maintain clearance from the power lines over Keystone Lake, struck the power lines, and crashed into the

water. *Id.* After crashing, Forbes managed to get the passenger out and both were able to swim to a boat nearby. *Id.* Forbes and the passenger were both injured, with Forbes breaking his back in two places. *Id.* at ¶ 32.

Initially, Forbes told law enforcement and the National Transportation Safety Board that engine failure caused the crash. *Id.* at ¶¶ 5, 8. However after an investigation, the NTSB determined that Forbes' unsafe and intentional low-level maneuvering was what caused the accident. *Id.* at ¶ 9. Forbes eventually admitted that he falsified his report to the NTSB because he was concerned the insurance would not cover the crash if it was discovered that he flew in an unsafe manner. *Id.* at ¶ 10.

In December 2023, a federal grand jury indicted Forbes for two counts of False Statements in violation of 18 U.S.C. 1001(a)(2), and one count of Obstruction of Proceedings Before Departments, Agencies, and Committees in violation of 18 U.S.C. 1505. *Id.* at ¶ 1. After being indicted, Forbes, sat down with the Government and case agent and explained his actions in full detail, admitting that he falsified his report to the NTSB because he was concerned the insurance would not cover the crash if it was discovered he flew in an unsafe manner. Shortly after this meeting, Forbes pled guilty to Count Three of the indictment.

## Argument & Authorities

**The 18 U.S.C. § 3553(a) factors support a combined sentence of home detention, probation, and a fine.**

When determining an appropriate sentence, the Court must consider the 18 U.S.C. § 3553(a) factors, including: (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) the need for the sentence imposed to reflect the seriousness of the offense and defer future criminal conduct. *Gall v. United States*, 552 U.S. 38, 49 (2007).

Considering the § 3353(a) factors, Forbes' admissions in his plea petition and plea agreement, and the PSR's findings, a sentence of home detention and probation is appropriate. The government has no objection to the PSR, which correctly calculates the Guidelines range of 10 – 16 months. *Id.* at ¶ 41. However, here, there are reasonable justifications to support a one-level variance downward from this calculation, as highlighted in Forbes Unopposed Motion for Downward Variance Dkt. No. 36.

**a. Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

The nature and circumstances of the offense are serious. Forbes chose to fly recklessly, which placed him and his passenger in jeopardy. Instead of admitting his mistake at the outset and informing the NTSB of his error, he lied on a report, in the hopes of receiving more insurance money. The NTSB is charged with investigating all aviation mishaps, for the purpose of public safety. For the NTSB to do its job, it is essential for the Board have all relevant, accurate information. A pilot giving false information about a flight crash investigation wastes valuable time and resources and undermines the Board's goals.

Regarding the history and characteristics of the defendant, Forbes reports a stable and supportive home environment and a long steady history of employment. *See* PSR at ¶¶ 29-31, 36. This support system he has in place shows that he unlikely to reoffend.[1] However, it also reflects that he has little excuse for his criminal conduct in this case. Put another way, he should have known better and Forbes confessed this when he sat down with Government and admitted his misconduct.

**b. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, deter future criminal conduct.**

***1. A sentence of home detention, probation, and a fine would reflect the seriousness of Forbes offense.***

Here, Forbes' false statement to the NTSB is serious, but his subsequent admission and acceptance of his error weighs in favor of a sentence of home detention, probation, and a fine. *See also* § 3553(a)(3).[2]

A fine is particularly appropriate here, along with other sanctions, as it will serve as a reminder to Forbes that he cannot engage in this type of behavior. As provided by the Guidelines, the "court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. §5E1.2(a). Here, Forbes clearly can pay a fine given his earning capacity and financial resources. *See* PSR at ¶ 39. If the Court varies downward to a

---

[1] Courts have held that the support a defendant stands to receive from his family and his personal qualities can warrant a downward variance. *United States v. Martin*, 520 F.3d 87, 93 (1st Cir. 2008).

[2] Some courts have held that a downward variance to a sentence allowing for home confinement and other restrictions can be appropriate based upon this factor. *United States v. Davis,* 20F.4th 1217, 1221-22 (8th Cir. 2021).

level 11, the Guidelines fine range is $4,000 to $40,000. The government requests the imposition of a fine within this guideline range.

The Guidelines further state that "[t]he amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." U.S.S.G. § 5E1.2(d). Given Forbes' sizeable assets, a fine provided under the Guidelines would act as punitive measure.

***2. A sentence of home detention, probation, and a fine would promote respect for the law and deter future criminal conduct.***

Forbes' actions violated federal law and represented a disregard of flight safety standards. A felony conviction, home detention, probation, and a fine constitute an appropriate level of legal and social condemnation of the crime. Additionally, such a punishment would deter other pilots who might consider falsifying reports, showing that there are serious, long-lasting consequences.

## Conclusion

For the foregoing reasons, the Court should grant Dkt. No. 36 and sentence Forbes to a combination of home detention and probation, and order him to pay a fine up to $40,000.

Respectfully submitted,

CLINT JOHNSON
UNITED STATES ATTORNEY

*/s/ Ashley Robert*
Ashley Robert, Texas Bar #24086955
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK 74119
Telephone: 918.382.2700
Facsimile: 918.560.7939

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing motion with the Court's CM/ECF system, which shall distribute notice to all necessary parties, on March 28, 2025.

*/s/ Ashley Robert*
Ashley Robert
Assistant United States Attorney